United States Courts
Southern District of Texas
FILED

JAN 04 2023

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR (Insert Court and Division)

RANDALL L DONALDSON II_

VS.

OCEANS CAR WASH, LIZZY ORELLA and WEST LAKE EXPRESS, LLC_____

## COMPLAINT

COMES NOW RANDALL L DONALDSON__II_____, Plaintiff herein, and files this her Complaint against OCEAN CAR WASH % LIZZY_ORELLANA_and WEST LAKE EXPRESS, LLC_ seeking to recover damages for employment discrimination and sexual harassment in violation of Title VII of Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991. Plaintiff in support of same would show the following, to-wit:

I.

Plaintiff, RANDALL L DONALDSON II_Is an adult resident citizen of STATE OF TEXAS_UNITED_ _STATES_____, whose residence address is, 8734 TIMBERVIEW DRIVE,HUMBLE,TX.77346_____.

II.

Defendant, LIZZY ORELLA, OCEANS CAR WASH,WEST LAKE EXPRESS is a __LLC_____ corporation and whose agent for service of process is STEPHEN IRVING PECKAR & ABRAMSON, PC at 3050 POST OAK BLVD., SUITE 500_, HOUSTON, TEXAS, 77056.

III.

Defendant, RANDALL L DONALDSON II, is an adult resident citizen of STATE OF TEXAS, UNITED STATES OF AMERICA_.

IV.

Plaintiff has also suffered a loss in wages, both present and future, as a result of both Defendants' unlawful actions.

V.

As a result of the Defendants' harassing conduct, the plaintiff filed EEOC charges attached hereto as Exhibit "A". The Plaintiff further received a Right to Sue Letter attached hereto as Exhibit "B". As demonstrated by these documents, all administrative prerequisites to the filing of this suit have been met.

VI.

The acts of the Defendant have been so outrageous that punitive damages are due up to and including attorney fees.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays for actual and punitive damages in amounts to be determined by a jury and for reasonable attorney fees against said Defendants, including all costs of this action.

Respectfully submitted, this the 3RD_ day of JANUARY, 2023___.

_RANDALL. *Randall Donaldson*
DONALDSON_____
8734 Timbervrew Drive
Humble, TX 77346



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Houston District Office**

Mickey Leland Building
1919 Smith Street, 7th Floor
Houston, TX 77002
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Houston Direct Dial: (346) 327-7700
FAX (713) 651-4902
Website: www.eeoc.gov

| | |
|---|---|
| 460-2021-05161 | Charge Number |
| Randall Donaldson<br>8734 Timberview<br>Humble, TX 77346 | Charging Party |
| Ocean Car Wash<br>c/o Lizzy Orellana<br>Office Manager<br>11613 Broadway St.<br>Pearland, TX 77584 | Respondent |

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulation, I issue the following determination on the merits of this charge filed under the Title VII Civil Rights Act of 1964, as amended (Title VII).

Ocean Car Wash ("Respondent") is an employer within the meaning of Title VII. Timeliness and all other requirements for coverage have been met.

Randall Donaldson ("Charging Party") filed a charge of discrimination on October 10, 2021, alleging that Respondent subjected him to unwelcome derogatory gender stereotype names, harassment and difference in treatment based on sex, race and religion on a regular basis by his managers and coworkers. After his managers did not take action to halt the harassment, Charging Party believed he had no other option but to resign. He alleged these actions were in violation of Title VII.

Respondent disputes that Charging Party's allegations. Respondent stated they did not receive any report of discrimination until his mother called and reported the manager for allegedly calling Charging Party homophobic names. Respondent stated they investigated the matter and it appeared that Charging Party was plotting a case against them and looking for coworkers to assist him. Charging Party resigned after refusing to perform an assignment.

Having considered all the evidence submitted by both parties, I find reasonable cause to believe that Respondent violated Title VII by subjecting Charging Party to a sexually hostile work environment when its managers and employees subjected Charging Party to unwelcome gender stereotype name calling, and harassment causing him to be constructively discharged from employment. No findings have been made regarding discrimination based on race and religion.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation (i.e., settlement). Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. If you wish to participate in conciliation, please email DeAnna Brooks-Torres at deanna.brooks-torres@eeoc.gov, within 10 days from the date of this LOD.

When the Respondent declines to enter into conciliation discussions, or when the Commission's representative for any reason is unable to secure a settlement acceptable to the Commission, the Commission shall so inform the parties in writing and advise them of the court enforcement alternative available to the Charging Party, aggrieved persons and the Commission. The confidentiality provisions of the statute and Commission Regulations apply to information discussed or given during conciliation.

On Behalf of the Commission

**Rayford O. Irvin**  Digitally signed by Rayford O. Irvin
Date: 2022.08.05 12:43:22 -05'00'

Date

Rayford O. Irvin
District Director

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Houston District Office
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

## CONCILIATION FAILURE AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/29/2022

**To:** Mr. Randall L. Donaldson
8734 TIMBERVIEW
HUMBLE, TX 77346
Charge No: 460-2021-05161

EEOC Representative and email:    Jeremy Crosbie
Enforcement Manager
jeremy.crosbie@eeoc.gov

### CONCILIATION FAILURE OF CHARGE

To the person aggrieved: This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 460-2021-05161.

On behalf of the Commission,

Rayford O. Irvin   Digitally signed by Rayford O. Irvin
Date: 2022.09.29 19:52:47 -05'00'

Rayford O. Irvin
District Director

Cc:
Lizzy Orellana
OCEAN CARWASH
11613 Broadway St.
Pearland, TX 77584

Stephen Irving
Peckar & Abramson, PC
3050 Post Oak Blvd. Suite 500
Houston, TX 77056

Please retain this notice for your records.

Exhibit C

# DURABLE POWER OF ATTORNEY

NOTICE: THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THEY ARE EXPLAINED IN THE DURABLE POWER OF ATTORNEY ACT, SUBTITLE P, TITLE 2, ESTATES CODE 1. IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTH-CARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO. IF YOU WANT YOUR AGENT TO HAVE THE AUTHORITY TO SIGN HOME EQUITY LOAN DOCUMENTS ON YOUR BEHALF, THIS POWER OF ATTORNEY MUST BE SIGNED BY YOU AT THE OFFICE OF THE LENDER, AN ATTORNEY AT LAW, OR A TITLE COMPANY.

You should select someone you trust to serve as your agent. Unless you specify otherwise, generally the agent's authority will continue until you die or revoke the power of attorney, your agent resigns, is removed by court order, or is unable to act for you or a guardian is appointed for your estate.

1. **APPOINTMENT OF MY AGENT.** I, RANDALL LEE DONALDSON II (hereinafter referred to as "**Principal**"), hereby execute this Durable Power of Attorney appointing the following named individual as my "**Agent**" (also known as Attorney-in-Fact):

   Name: RANDALL LEE DONALDSON
   Address: 8734 TIMBER VIEW DR
   HUMBLE, Texas 77346
   Phone Number: 8328874397

2. **EFFECTIVENESS.** This shall be effective from when I sign it. The authority of my Agent, when effective, shall not terminate or be void or voidable if I am or become disabled or in the event of later uncertainty as to whether I am dead or alive.

3. **AGENT AS FIDUCIARY.** I give my Agent the powers specified in this Durable Power of Attorney with the understanding that they will be exercised for my benefit, on my behalf, and solely in a fiduciary capacity.

4. **GENERAL AUTHORITY TO ACT.** I hereby grant my Agent, including any Successors or Co-Agents, the general authority to act on my behalf in the following subjects: **(INITIAL ALL POWERS THAT APPLY)**

   a. _____ Real property

b. ___/___ Tangible personal property

c. _____ Stocks and bonds

d. _____ Commodities and options

e. _____ Banks and financial institutions

f. _____ Operation of entity or business

g. _____ Insurance and annuities

h. ___/___ Estates, trusts, and other beneficial interests

i. _____ Claims and litigation

j. ___/___ Personal and family maintenance

k. _____ Benefits from governmental programs and civil or military service

l. _____ Retirement plans

m. _____ Taxes

n. _____ Gifts

o. _____ **All Other Matters.** Except for those actions that conflict with or are limited by another provision of this Durable Power of Attorney and those powers listed in this instrument to which my initials are not affixed, I give my Agent the power to act as my alter ego with respect to all matters and affairs that are not included in the other provisions of this Durable Power of Attorney, to the extent that a principal can act through an agent. This section does not authorize my Agent to make healthcare decisions.

5. **SPECIFIC ACTS AUTHORIZED.** In addition to the general powers authorized above, I specifically authorize my Agent to perform the following acts: **(INITIAL ALL POWERS THAT APPLY)**

   a. _____ Create or amend designations of rights of survivorship, including in financial accounts and real property.

   b. _____ Create or amend designations of Beneficiaries.

   c. _____ Delegate or otherwise authorize another person to exercise the powers delegated to the Agent under this instrument.

d. \_\_\_\_ Waive Principal's right to be a Beneficiary of a joint and survivor annuity, including a survivor benefit under a retirement plan.

e. \_\_\_\_ Exercise fiduciary powers validly delegated by Principal.

f. \_\_\_\_ Disclaim, refuse, or release an interest in property or a power of appointment.

g. \_\_\_\_ **Inter Vivos Trusts.** I give my Agent the power to take all actions that my Agent considers necessary or desirable with respect to trusts that exist when this power is executed or that are established thereafter, including the following powers: to establish trusts for the benefit of my spouse, partner, children, grandchildren, and parents; to contribute or transfer assets to any trust in which I have an interest; and to exercise any power I may have as an individual, other than as a trust beneficiary, such as borrowing trust assets, amending or revoking trust agreements, and voting shares of stock, but subject to the limitation that any trust I have created may be modified or revoked by my Agent only if expressly permitted by the trust instrument. This section must not be construed as limiting the authority of my Agent to exercise any power, with respect to trusts, that I may hold in a fiduciary capacity or as a trust beneficiary, to the extent that such authority is specifically given elsewhere in this instrument.

h. \_\_\_\_ **Pets.** I give my Agent the power to house, or arrange for the housing, support, and maintenance of any animals that I own or have custody of and to pay reasonable boarding, kenneling, and veterinary fees for such animals.

i. \_\_\_\_ **Funeral and Burial Arrangements.** I give my Agent the power to arrange for my funeral or other memorial service and for burial or cremation of my remains in accordance with all of my known wishes.

j. \_\_\_\_ **After-Acquired Property.** The powers granted to my Agent in this instrument are exercisable equally with respect to interests in property I own when this instrument is executed and after-acquired property interests, wherever the property is located, and whether or not the powers are exercised or the Durable Power of Attorney is executed in the same state.

k. \_\_\_\_ **Gifts to Agent.** Notwithstanding any other provision in this Durable Power of Attorney, my Agent may make gifts in amounts not to exceed the annual federal gift tax exclusion to him or herself but only if my Agent is in need of funds to meet the reasonable expenses of the following: support in accordance with my Agent's accustomed manner of living; medical, dental, hospital, and nursing services, and other costs relating to the health care of my Agent; and my Agent's education.

l. \_\_\_\_ **Nominating a Conservator.** If proceedings are initiated for the appointment of a Conservator of my person or my estate or both, I authorize my Agent to nominate whomever he or she believes is appropriate as Conservator of my person or my estate or both, including appointing him or herself. I authorize my Agent to waive the requirement of a bond for any person appointed, if he or she believes a waiver is appropriate.

m. \_\_\_\_ **General Authority.** Except for those actions that conflict with or are limited by another provision of this Durable Power of Attorney, I give my Agent the power to act as my alter ego with respect to all matters and affairs that are not included in the other provisions of this power, to the extent that a principal can act through an agent. This section does not authorize my Agent to make healthcare decisions.

In connection with the exercise of any of the powers described in the preceding sections, I give my Agent full authority, to the extent that a principal can act through an agent, to take all actions that he or she believes necessary, proper, or convenient, to the extent that I could take these actions myself, including, without limitation, the power to prepare, execute, and file documents and maintain records; to enter into contracts; to hire, discharge, and pay reasonable compensation to attorneys, accountants, expert witnesses, or other assistants; to engage in litigation regarding a claim in favor of or against me; and to execute, acknowledge, seal, and deliver any instrument.

n. _/ (_ **Restrictions on Property Management Powers.** Notwithstanding any other provision in this Durable Power of Attorney, my Agent does not have any of the following powers related to property management: to use my property to discharge the legal obligations of my Agent, including but not limited to the support of the dependents of my Agent, except for those dependents to whom I also, along with my Agent, owe a duty of support; to exercise any incident of ownership over any insurance policy that I own and that insures the life of my Agent; or to exercise powers of a trustee under an irrevocable trust of which my Agent is the settler and of which I am a trustee.

o. _/ _ **Beneficial Use.** If my Agent is not my ancestor, descendant, or spouse, my Agent MAY use my property to Agent's own benefit and/or for supporting someone to whom Agent owes a support obligation.

6. **NOMINATION OF A GUARDIAN OR CONSERVATOR (OPTIONAL).** If a Conservator or Guardian of my person or estate needs to be appointed for me by a court: (INITIAL)

   a. _/ _ I nominate RANDALL LEE DONALDSON.

   First Choice: RANDALL LEE DONALDSON
   Address: 8734 TIMBER VIEW DR
   HUMBLE, Texas 77346

7. **AMPLIFYING POWERS**

   a. **Compensation**

      i. My Agent will be entitled to reasonable compensation for services rendered as Agent under this Durable Power of Attorney. Factors that should be considered in determining the amount of compensation are as follows:

    A. The time expended by my Agent.

    B. The value of the property over which my Agent exercises control and management.

    C. The complexity of the transactions entered into by my Agent.

  ii. My Agent may pay the compensation from my assets once each week, and must keep records of the services performed, the time spent in performing them, and the date and amount of each payment.

b. **Reimbursement for Costs and Expenses.** My Agent will be entitled to reimbursement from my property for expenditures properly made in performing the services conferred by me in this instrument. My Agent must keep records of any such expenditures and reimbursements.

c. **Reliance by Third Parties.** To induce third parties to rely on the provisions of this instrument, I, for myself and on behalf of my heirs, successors, and assigns, hereby waive any privilege that may attach to information requested by my Agent in the exercise of any of the powers described in this instrument. Moreover, on behalf of my heirs, successors, and assigns, I hereby agree to hold harmless any third party who acts in reliance on this power for damages or liability incurred as a result of that reliance.

d. **Ratification.** I ratify and confirm all that my Agent does or causes to be done under the authority granted in this instrument. All contracts, promissory notes, checks, or other bills of exchange, drafts, other obligations, stock powers, instruments, and other documents signed, endorsed, drawn, accepted, made, executed, or delivered by my Agent will bind me, my estate, my heirs, successors, and assigns.

e. **Exculpation of Agent.** My Agent will not be liable to me or any of my successors in interest for any action taken or not taken in good faith, but will be liable for any willful misconduct or gross negligence.

f. **Revocation and Amendment.** I revoke any and all Durable Powers of Attorney that I have executed before executing this Durable Power of Attorney. I retain the right to revoke or amend this Durable Power of Attorney and to substitute other agents in place of my Agent. Amendments to this Durable Power of Attorney must be made in writing by me personally. They must be attached to the original of this document and, if the original is recorded, must be recorded in the same county or counties as the original, although failure to record any amendment will not alter its affect.

8. **GENERAL PROVISIONS**

  a. **Signature of Agent.** My Agent must use the following form when signing on my behalf pursuant to this Durable Power of Attorney: "[Principal] by [Agent], his or her Agent."

# NOTICE TO PERSON ACCEPTING THE APPOINTMENT AS ATTORNEY-IN-FACT

IMPORTANT INFORMATION FOR THE AGENT

When you accept the authority granted under this power of attorney, you establish a "fiduciary" relationship with the principal. This is a special legal relationship that imposes on you legal duties that continue until you resign or the power of attorney is terminated, suspended, or revoked by the principal or by operation of law. A fiduciary duty generally includes the duty to:

1. act in good faith;

2. do nothing beyond the authority granted in this power of attorney;

3. act loyally for the principal's benefit;

4. avoid conflicts that would impair your ability to act in the principal's best interest; and

5. disclose your identity as an agent when you act for the principal by writing or printing the name of the principal and signing your own name as "agent" in the following manner: "(Principal's Name) by (Your Signature) as Agent".

In addition, the Durable Power of Attorney Act (Subtitle P, Title 2, Estates Code) requires you to:

1. maintain records of each action taken or decision made on behalf of the principal;

2. maintain all records until delivered to the principal, released by the principal, or discharged by a court; and

3. if requested by the principal, provide an accounting to the principal that, unless otherwise directed by the principal or otherwise provided in the Special Instructions, must include:

    i. the property belonging to the principal that has come to your knowledge or into your possession;

    ii. each action taken or decision made by you as agent;

    iii. a complete account of receipts, disbursements, and other actions of you as agent that includes the source and nature of each receipt, disbursement, or action, with receipts of principal and income shown separately;

iv. a listing of all property over which you have exercised control that includes an adequate description of each asset and the asset's current value, if known to you;

v. the cash balance on hand and the name and location of the depository at which the cash balance is kept;

vi. each known liability;

vii. any other information and facts known to you as necessary for a full and definite understanding of the exact condition of the property belonging to the principal; and

viii. all documentation regarding the principal's property.

Liability of Agent: The authority granted to you under this power of attorney is specified in the Durable Power of Attorney Act (Subtitle P, Title 2, Estates Code). If you violate the Durable Power of Attorney Act or act beyond the authority granted, you may be liable for any damages caused by the violation or subject to prosecution for misapplication of property by a fiduciary under Chapter 32 of the Texas Penal Code.

THE AGENT, BY ACCEPTING OR ACTING UNDER THE APPOINTMENT, ASSUMES THE FIDUCIARY AND OTHER LEGAL RESPONSIBILITIES OF AN AGENT.

**ACCEPTANCE BY AGENT**

**Name: RANDALL LEE DONALDSON**

Signature: _____   Dated: 5/31/2022

b. **Severability.** If any of the provisions of this instrument are found to be invalid for any reason, that invalidity will not affect any of the other provisions of this power, and all invalid provisions will be wholly disregarded.

c. **Governing Law.** This Agreement shall be governed, construed, and enforced in accordance with the laws of the State of Texas, without regard to its conflict of laws rules.

d. **Reliance on This Durable Power of Attorney.** Any person, including my Agent, may act in reliance upon the validity of this Durable Power of Attorney or a copy of it unless that person knows it has terminated or is no longer valid.

9. **SPECIAL INSTRUCTIONS (OPTIONAL)**

10. You may give any special instructions on the following lines:

a. _____

b. _____

c. _____

d. _____

This Durable Power of Attorney is executed by me on August 31st 2022, in Texas.

Name: RANDALL LEE DONALDSON II

Signature: _____

SSN or TIN: _____

Address: 8734 TIMBER VIEW DR
Humble, Texas 77346

Phone Number: 8326445679

## NOTARY ACKNOWLEDGMENT

State of Texas

County of  Harris

I, Michelle Warren hereby certify that RANDALL LEE DONALDSON II whose name is signed to the foregoing, and who is known to me, or satisfactorily proven to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged that he/she executed the same for the purposes therein contained.

Print Name: Michelle Warren   Commission Expires: 02-02-2026

Signature: _____ [Affix seal]

Date: 8-31-2022

NOTARY PUBLIC

MICHELLE WARREN
Notary Public, State of Texas
Comm. Expires 02-02-2026
Notary ID 133566560

## STATEMENT OF WITNESS

I declare under penalty of perjury: 1) that the individual who signed or acknowledged this Durable Power of Attorney is personally known to me, or that the individual's identity was proven to me by convincing evidence; 2) that the individual signed or acknowledged this Durable Power of Attorney in my presence; 3) that the individual appears to be of sound mind and under no duress, fraud, or undue influence; and 4) that I am not a person appointed as Agent by this Durable Power of Attorney.

**FIRST WITNESS**

Name: NEENYK-ROBERTS

Signature: _____ Dated: 8-31-22

**SECOND WITNESS**

Name: Michelle Warren

Signature: _____ Dated: 8-31-2022